JOHN A. HOWARD, plaintiff in error, vs. CLINTON C. DUNCAN, defendant in error.

Howard, under an agreement with Barrett, bought Barrett's land at sheriff's sale, paying about $2,000 00, and agreed that Barrett might redeem it by paying him the money he had advanced. Barrett afterwards, with Howard's consent, sold the land to Allen for $3,000 00, on time, Howard making to Allen a bond for titles and taking his note for that amount.  A dispute having arisen between Barrett and Howard as to the final profit on this sale, it was found by arbitrators to belong to Barrett, whereupon Howard gave to Barrett two notes, one for $100 00, and the others for the balance, to be paid when the notes of Allen were collected.  The $100 00 note was traded to the plaintiff, who knew all the facts, as stated.   Afterwards Allen became insolvent, and with Barrett's consent, Howard took back the land and gave up Allen's notes.   The plaintiff sued Howard on the $100 00 note.  It was in proof that Allen was insolvent, and that the land was not worth more than the $2,000 00 originally paid by Howard, though Howard admitted Allen had let him have six light bales of cotton as rent at the rescision of the sale, but there was no proof of the value of the cotton . The court charged the jury that if the trade with Allen was canceled without the knowledge of the plaintiff, the jury should find in his favor:

Held, that this was error, unless qualified, as follows: Provided, the land and cotton were worth more than $2,000 00, with interest till the cancellation, in which case the plaintiff would be entitled to the excess, up to the amount of his $100 00 note, with interest.

Contracts. Sale. Rescission. Before Judge HILL. Houston Superior Court. May Adjourned Term, 1873.

Duncan brought complaint against Howard, on the following note:

"$100 00.   I promise to pay J. B. Barrett or bearer one hundred dollars, to be paid when I collect the money from

sale of Howard Moore lot, sold to Major Allen. May 31st, 1870.     (Signed)                     " J. A. HOWARD."

The defendant pleaded that the condition upon which payment was to be made had not accrued.

The evidence made, in substance, the following case: At a sheriff's sale of land belonging to Barrett, the payee of the note, the defendant, at the request of Barrett, purchased the same for $2050 00, with the understanding that he should reconvey said property when repaid the purchase money with interest thereon. Barrett, being unable to refund said money, bargained the land to a person of color named Major Allen, for $3,000 00, on one and two years' time. Howard executed his bond for titles to Allen, taking his (Allen's) notes. A controversy then arose as to whom the profit on the land trade belonged, whether to Barrett or to defendant. This question was submitted to arbitration, in which proceeding the plaintiff appeared as counsel for Barrett. The arbitrators held that the profit aforesaid belonged to Barrett, and directed that defendant should make and deliver his note to Barrett for the same, conditioned to be paid when Allen should take up his notes. Defendant gave two notes to cover said profit, one for $100 00, and the other for the balance, each with the condition hereinbefore referred to therein expressed. The $100 00 note was transferred to plaintiff in consideration of professional services rendered. Allen became insolvent, and being unable to pay for the land, at the request of and with the consent of Barrett, delivered up his bond and received his notes. He also delivered to defendant six light bales of cotton for rent. The land was not worth more than the amount originally paid for it by the defendant. There was no proof of the value of the cotton.

The court charged the jury " that if they believed the plaintiff received the note from Barrett in payment of a debt which Barrett owed him, and the defendant knew this and assented to it, and afterwards canceled the trade with Major Allen without the knowledge or consent of the plaintiff, and

took the land back, giving up the notes for the purchase money without the consent of the plaintiff, they should find for the plaintiff, although they might be satisfied Major Allen was insolvent and unable to pay for the land, and that Barrett consented to the cancellation."

The jury found for the plaintiff. The defendant moved for a new trial because of error in the aforesaid charge. The motion was overruled, and defendant excepted.

WARREN & GRICE, for plaintiff in error.

S. D. KILLEN; DUNCAN & MILLER, for defendant.

McCAY, Judge.

Without going over the facts of this case, we are of the opinion that the judge erred in his charge to the jury, in saying to them that if Howard recanted the land trade with Allen without the consent of the plaintiff they ought to find for the plaintiff. We recognize the right of the plaintiff to sue without showing that Howard had collected the money from Allen. By taking back the land he made it impossible for the plaintiff to show that such money was collected. But on considering all the evidence, we think the right of the plaintiff to recover depends upon whether in fact Howard has got back his money with interest. Barrett, under no view of the case, was entitled to any profit, if none was made. The plaintiff took the note with a full knowledge of all the facts, and he ought to have no more rights than Barrett would have had, had he not consented to the rescission. Clearly, as it seems to us, that would be nothing if at last Howard, without fault of his own, has only got his money back. The proof was that Allen was insolvent, and that the land was worth no more than Howard's original advance. What the six bales of cotton were worth does not appear, but if the whole would not more than repay Howard for his advance and interest, we think that even as against Duncan he can hold that. Duncan had full notice and must stand in Barrett's shoes. If the land

and cotton will more than repay Howard principal and interest, then Duncan is entitled to the excess up to the amount of this note and interest. That is the true equity between the parties under the facts as proven; and that, we think, ought to have been the charge of the judge.

Judgment reversed.